1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**

9                   **CENTRAL DISTRICT OF CALIFORNIA**

10

11

12   SWEET PEOPLE APPAREL, INC.  )   CV 16-3139-RSWL-JPRx
     dba MISS ME,                )
13                               )
                                 )   **ORDER re Plaintiff's**
14            Plaintiff,         )   **Motion for Entry of**
                                 )   **Default Judgment Against**
15                               )   **Defendant Kenco Fashion**
        v.                       )   **Inc.** [75]
16                               )
                                 )
17   CHANG GROUP LLC; KENCO      )
     FASHION INC.; XYZ COMPANIES )
18   1-10; and DOES 1-10,        )
                                 )
19            Defendants.        )
                                 )
20   _____)

21        Currently before the Court is Plaintiff Sweet

22   People Apparel, Inc. dba Miss Me's ("Plaintiff") Motion

23   for Entry of Default Judgment ("Motion" or "Motion for

24   Entry of Default Judgment") as to the entire First

25   Amended Complaint ("FAC") against Defendant Kenco

26   Fashion Inc. ("Defendant" or "Defendant Kenco") [75].

27   Having reviewed all papers submitted pertaining to this

28   Motion, the Court **NOW FINDS AND RULES AS FOLLOWS:** The

                              1

Court **GRANTS** Plaintiff's Motion and awards $75,000 in statutory damages against Defendant and $5,115 in attorneys' fees and costs, totaling $80,115. The Court also awards prejudgment interest on the judgment amount of $80,115, at the applicable rate under 28 U.S.C. § 1961(a). The Court **GRANTS** Plaintiff's request for entry of a permanent injunction against Defendant.

## I. BACKGROUND

### A. Factual Background

Plaintiff is a California corporation with its principal place of business in Los Angeles. First Am. Compl. ("FAC") ¶ 6, ECF No. 15. Plaintiff manufactures and sells high-quality jeanswear and denim products under the "Miss Me" brand name. Id. at ¶ 10. Plaintiff's "Miss Me" jeanswear is sold through its own website and through major fashion retailers, both online and in department stores. Id. Defendant is a California corporation with its principal place of business in the City of Industry. Id. at ¶ 8.

In 2011, Plaintiff created the JP5498B Design, which it has used on the rear pockets of its jeanswear products since at least July 23, 2012. Id. at ¶¶ 1, 12. On December 23, 2013, the United States Copyright Office issued Plaintiff Copyright Registration No. VA 1-885-014 for the JP5498B Design. Id. at ¶ 11, Ex. A.

Plaintiff alleges that Defendant wilfully infringed the JP5498B Design by creating and selling a substantially similar design. Id. at ¶¶ 14, 20-21, 23;

compare FAC Ex. A, <u>with</u> FAC Ex. B. Defendant featured the infringing design on its "AdiktD" brand jeanswear products ("AdiktD design"). <u>Id.</u> at ¶ 16.

**B. Procedural Background**

Plaintiff filed its Complaint on May 6, 2016 against Defendant Chang Law Group LLC, alleging that they willfully infringed the federally registered copyright for its JP5498B Design pursuant to 17 U.S.C. § 501(a). Compl. ¶ 1, ECF No. 1. On May 18, 2016, Plaintiff filed its FAC, adding Defendant Kenco to the suit and keeping the copyright infringement claim. FAC ¶ 8. On May 27, 2016, Plaintiff served the Summons and FAC on Defendant in the City of Industry. Decl. of Matthew T. Salzmann ("Salzmann Decl.") Ex. B., ECF No. 75-1. On June 24, 2016, Defendant filed an Answer to Plaintiff's FAC [20].

On December 12, 2016, the Court granted Counsel for Defendant's Motion to Withdraw so long as Counsel provided the Court with Defendant's last-known address. Order re: Mot. for Leave to Withdraw as Counsel ("December 12 Order"), 6:24-7:4, ECF No. 60. Counsel filed a Proof of Service that it mailed the December 12 Order to Defendant at its City of Industry address on December 20, 2016 [61]. On December 22, 2016, the Court ordered Defendant to obtain new counsel within thirty (30) days after being served with the Order [63]. The Court warned Defendant that, as a corporation, it could not appear *pro se* in the

litigation pursuant to Central District Local Rule 83-
2.3.4.  Order re: Motion for Leave to Withdraw As
Counsel ("December 22 Order"), 1:26-2:3, ECF No. 63.
The Court further advised Defendant that failure to
timely obtain counsel would "result in the striking of
Defendant's answer and entry of default against
Defendant."  Id. at 2:1-3.

Plaintiff's counsel mailed the December 22 Order to
Defendant's last-known address on January 9, 2017.
Decl. of Eric D. Mason ("Mason Decl.") Ex. C, ECF No.
68-1.  Defendant failed to timely obtain counsel
pursuant to the Court's December 22 Order.  As such, on
February 14, 2017, Plaintiff requested the Clerk to
enter default against Defendant and moved to strike
Defendant's Answer [68].  On March 16, 2017, the Court
granted Plaintiff's Motion to Strike and entered
default against Defendant on March 22, 2017 [71, 72].

Defendant Chang Law Group LLC was dismissed from
the action on March 31, 2017 [74], and Defendant Kenco
was the only remaining defendant.  Plaintiff filed its
Motion for Default Judgment on the same day [75].  No
Opposition was filed.  Plaintiff's counsel mailed the
Motion to Defendant, mot. 15:16-18, but the mail was
returned on April 5, 2017 [76].

Plaintiff currently seeks the following relief: (1)
a permanent injunction enjoining Defendant from
continuing to infringe Plaintiff's JP5498B Design; (2)
an award of statutory damages in the amount of $75,000

4

for willful copyright infringement pursuant to 17
U.S.C. § 504(c); (3) attorneys' fees and costs totaling
$5,115; and (4) an award for prejudgment interest
pursuant to 28 U.S.C. § 1961(a).  Mot. 3:4-10.

## II. DISCUSSION

## A. __Legal Standard__

The granting of default judgment is within the
discretion of the district court.  Aldabe v. Aldabe,
616 F.2d 1089, 1092 (9th Cir. 1980); see Fed. R. Civ.
P. 55. Procedural and substantive requirements must be
satisfied.

Procedurally, the requirements set forth in Federal
Rules of Civil Procedure 54(c) and 55(b), and Local
Rule 55-1 must be met.  See Vogel v. Rite Aid Corp.,
992 F. Supp. 2d 998, 1006 (C.D. Cal 2014).  Local Rule
55-1 provides: "When an application is made to the
Court for a default judgment, the application shall be
accompanied by a declaration in compliance with
F.R.Civ.P. 55(b)(1) and/or (2) and include the
following: (a) When and against what party the default
was entered; (b) The identification of the pleading to
which default was entered; (c) Whether the defaulting
party is an infant or incompetent person, and if so,
whether that person is represented by a general
guardian, committee, conservator or other
representative; (d) That the Service Members Civil
Relief Act, 50 U.S.C. App. § 521, does not apply; and
(e) That notice has been served on the defaulting

party, if required by F.R.Civ.P. 55(b)(2)."  L.R. 55-1.

Courts should also consider the following factors in determining whether to grant a motion for default judgment: "(1) the possibility of prejudice to plaintiff, (2) the merits of plaintiff's substantive claims, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning the material facts, (6) whether defendant's default was the product of excusable neglect, and (7) the strong public policy favoring decisions on the merits." Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

If the court determines that the defendant is in default, "'the factual allegations of the complaint, other than those relating to damages, are taken as true.'" Televideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977)). Additionally, "[w]hen entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999).

If the Court determines that the allegations in the complaint are sufficient to establish liability, the plaintiff must provide proof of all damages sought in the complaint, and the Court must determine the "amount

and character" of the relief that should be awarded. Vogel, 992 F. Supp. 2d at 1005-06 (citations omitted). "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

**B.  Analysis**

   1.  Jurisdiction and Service of Process

In considering whether to enter default judgment against Defendant, the Court must first determine whether it has jurisdiction over the subject matter and the parties to the case.  In re Tuli, 172 F.3d at 712.

   a.  *Subject Matter Jurisdiction and Personal Jurisdiction are Proper*

The Court has subject matter jurisdiction over this action.  Plaintiff's claim for copyright infringement arises under the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.*  District courts have original jurisdiction of any civil action "arising under any Act of Congress relating to . . . copyrights."  28 U.S.C. § 1338(a). Therefore, the Court has federal question jurisdiction over this claim under 28 U.S.C. §§ 1331, 1338(a).

Personal jurisdiction is also satisfied.  Defendant is a California corporation with its principle place of business in the City of Industry, California.  FAC ¶ 8. Moreover, specific jurisdiction is demonstrated from the face of the FAC, as Plaintiff alleges that the copyright infringement giving rise to this action took place in this forum.  See id. at ¶ 5.

7

b. *Service of Process is Proper*

Service of process is met because Plaintiff served Defendant with the Summons and FAC on May 27, 2016, as evidenced by the Proof of Service. Salzmann Decl. Ex. B. Plaintiff served the Summons and FAC by substitute service on Defendant's alleged manager, in compliance with Federal Rule of Civil Procedure 4(h)(1)(B)[1] or alternatively, Federal Rule of Civil Procedure 4(e)(1) and California Code of Civil Procedure § 416.10.[2]

2. <u>Procedural Requirements</u>

Plaintiff has satisfied the procedural requirements for default judgment pursuant to Federal Rule of Civil Procedure 55 and Central District Local Rule 55-1.

Under Federal Rule of Civil Procedure 55(a), the Clerk properly entered default against Defendant on March 22, 2017 [72]. Plaintiff moved pursuant to Rule 55(b) for entry of default judgment on March 31, 2017 [75].

Local Rule 55-1 sets forth additional requirements in an application for default judgment: (1) when and

---

[1] A corporation can be served by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant."

[2] A corporation may be served through a method outlined in Rule 4(e)(1), which includes relevant state law methods for service of process. <u>See</u> Fed. R. Civ. P. 4(h)(1)(A). California Code of Civil Procedure § 416.10(b) allows corporations to be served through a general manager, as was accomplished here.

against what party the default was entered; (2) the identification of the pleading to which default was entered; (3) whether the defaulting party is an infant or incompetent person; (4) that the Servicemembers Civil Relief Act does not apply; and (5) notice has been served on the defaulting party.

Plaintiff has satisfied each of these requirements. The Court Clerk entered default judgment against Defendant as to the entire FAC on March 22, 2017 [72]. Ntc. of Mot. for Default J. 1:6-8; Salzmann Decl. ¶ 5. Defendant is neither a minor, nor an incompetent person nor in the military service or otherwise exempted under the Soldier's and Sailor's Civil Relief Act of 1940, the predecessor to the Servicemembers Civil Relief Act. Salzmann Decl. ¶ 6. Finally, Defendant was served with notice of this Motion on March 31, 2017. Mot. 15:3-14.

### 3. Eitel Factors

In support of its Motion, Plaintiff has sufficiently set forth "(1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning the material facts; (6) whether the default was due to excusable neglect; and (7) the strong public policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." Eitel, 782 F.2d at 1471-72.

1          a.   *Risk of Prejudice to Plaintiff*

2      The first <u>Eitel</u> factor considers whether a

3   plaintiff will suffer prejudice if a default judgment

4   is not entered.  <u>Vogel</u>, 992 F. Supp. 2d at 1007.

5   Plaintiff argues that it would suffer prejudice without

6   default judgment because it will be denied a remedy

7   until Defendant participates in this action.  Mot.

8   6:13-14.  Given Defendant's failure to secure

9   counsel—in spite of the Court's repeated requests to do

10  so—and to defend this suit, it is unlikely that

11  Defendant will right its behavior, thus denying

12  Plaintiff the chance to resolve its claims and leaving

13  Plaintiff without a recourse for recovery.  <u>Elektra</u>

14  <u>Entm't Grp. Inc. v. Crawford</u>, 226 F.R.D. 388, 392 (C.D.

15  Cal. 2005).  This factor weighs towards entering

16  default.

17          b.   *Sufficiency of the Complaint and*

18               *Likelihood of Success on the Merits*

19      The second and third <u>Eitel</u> factors consider the

20  merits of the plaintiff's substantive claims and the

21  sufficiency of the complaint.  "Under an [<u>Eitel</u>]

22  analysis, [these factors] are often analyzed together."

23  <u>Dr. JKL Ltd. v. HPC IT Educ. Ctr.</u>, 749 F. Supp.2d 1038,

24  1048 (N.D. Cal. 2010).  Plaintiff has asserted a

25  meritorious claim for willful infringement of its

26  copyright in the JP5498B Design.

27  ///

28  ///

*i. Plaintiff has Sufficiently Pled a*
*Copyright Infringement Claim*

To plead a viable copyright infringement claim pursuant to 17 U.S.C. § 501, Plaintiff must establish "(1) ownership of a valid copyright, and (2) copying of the constituent elements of the work that are original." <u>Feist Publ'ns., Inc. v. Rural Tel. Serv. Co.</u>, 499 U.S. 340, 361 (1991). Absent direct evidence of copying, the second prong is satisfied by showing that "the infringer had access to the work and that the two works are substantially similar." <u>Shaw v. Lindheim</u>, 919 F.2d 1353, 1356 (9th Cir. 1990). Plaintiff alleges a meritorious copyright infringement claim.

First, Plaintiff owns a validly registered copyright in the JP5498B Design. The copyright, Registration No. VA 1-885-014, was issued on December 23, 2013. FAC ¶ 11. Moreover, the certificate of registration was made within five years after the JP5498B Design's first publication in at least 2011 or 2012, which "constitute[s] prima facie evidence of the validity of the copyright . . . ." <u>See</u> FAC ¶¶ 11-12; 17 U.S.C. § 410(c). Plaintiff attaches a copy of the registration certificate to the FAC. FAC Ex. A. Thus, the first prong is satisfied.

Second, Defendant copied original elements of Plaintiff's JP5498B Design. Although Plaintiff lacks express, direct evidence of Defendant's copying,

11

Defendant likely had access to Plaintiff's work, as it was "widely disseminated:" since using the JP5498B Design as early as July 2012, Plaintiff has distributed its jeanswear through major fashion retailers and department stores, both in-store and online. FAC ¶ 10; see Int'l Diamond Imps., Inc. v. Oriental Gemco, Inc., 64 F. Supp. 3d 494, 521 (S.D.N.Y. 2014)(copying sufficiently pled where defendants had a reasonable possibility of seeing plaintiff's widely-disseminated jewelry in department stores and trade shows). And both parties operate in the same fashion industry, as they both have principal places of business in Los Angeles. FAC ¶¶ 6, 8. One could reasonably infer that Defendant would have had an opportunity to see and copy Plaintiff's design while competing in the Los Angeles-area jeanswear industry. See L.A. Printex Indus., Inc. v. Aeropostale, Inc., 676 F.3d 841, 848 (9th Cir. 2012)(geographic proximity of industry competitors in Los Angeles and fact that alleged infringement occurred shortly after dissemination of plaintiff's design suggested "access").

The two designs' substantial similarity also shows copying. "Even without proof of access, a plaintiff can still prove copying if he can show that the two works are not only substantially similar, but are so strikingly similar as to preclude the possibility of independent creation." Meta-Film Ass'n, Inc. v. MCA, Inc., 586 F. Supp. 1346, 1355 (C.D. Cal. 1984). The

Ninth Circuit employs a two-part test for determining whether one work is substantially similar to another:

> [A plaintiff] must prove <u>both</u> substantial similarity under the "extrinsic test" and substantial similarity under the "intrinsic test." The "extrinsic test" is an objective comparison of specific expressive elements. The "intrinsic test" is a subjective comparison that focuses on whether the ordinary, reasonable audience would find the works substantially similar in the total concept and feel of the works.

<u>Antonick v. Elec. Arts, Inc.</u>, 841 F.3d 1062, 1065-66 (9th Cir. 2016)(citation omitted). Plaintiff proffers a side-by-side comparison of its JP5498B Design and the allegedly infringing AdiktD design.



| Sweet People's JP5498B Design | Kenco's Infringing Design |

FAC ¶ 15; Mot. 1:16-23. The comparison passes the extrinsic test, as Plaintiff's JP5498B Design and Defendant's AdiktD design include similar artistic expressions that are protectable. <u>Apple Computer, Inc. v. Microsoft Corp.</u>, 35 F.3d 1435, 1442 (9th Cir. 1994). For instance, both are located on the denim jeans' rear pocket; both have rhinestone-embellished flowers in the pocket's upper right-hand corner; and both use the same sweeping feather design below the fleur-de-lis sign in

the lower left-hand corner.  See FAC ¶ 15; Mot. 1:16-
23.  The intrinsic test is also satisfied.  Comparing
the "total concept and feel" of the two designs, a
reasonable viewer would be struck by their substantial
similarity.  See Columbia Pics. Indus., Inc. v. Miramax
Films Corp., 11 F. Supp. 2d 1179, 1185 (C.D. Cal. 1998)
(citing Litchfield v. Spielberg, 736 F.2d 1352, 1356
(9th Cir. 1984)).  Because valid copyright ownership
and copying have been demonstrated, Plaintiff has
asserted a meritorious claim for copyright
infringement.

   c. *The Sum of Money at Stake*

  "Under the [fourth] Eitel factor, the court must
consider the amount of money at stake in relation to
the seriousness of Defendant's conduct."  PepsiCo, 238
F. Supp. 2d at 1176.  "While the allegations in a
complaint are taken to be true for the purposes of
default judgment, courts must make specific findings of
fact in assessing damages."  Moroccanoil, Inc. v.
Allstate Beauty Prod., Inc., 847 F. Supp. 2d 1197, 1202
(C.D. Cal. 2012).  The Court will review declarations,
calculations, and other damages documentation to
determine whether the sum of money at stake is
appropriate.  HICA Educ. Loan Corp. v. Warne, No. 11-
CV-04287-LHK, 2012 WL 1156402, at *3 (N.D. Cal. Apr. 6,
2012).

  Plaintiffs seek (1) $75,000 in statutory damages
for willful copyright infringement under 17 U.S.C. §

14

504(c); and (2) $5,115 in attorneys' fees and costs.
Plaintiff argues that the sum of money at stake is not
disproportionately large, as it seeks statutory damages
well below the $150,000 maximum in 17 U.S.C. § 504(c).
Mot. 9:14-17.  The Court agrees.  The Copyright Act
permits up to $150,000 per willful infringement of a
copyright.  17 U.S.C. § 504(c)(2).  Plaintiff's
requested damages are within the ambit of the statutory
sections and are reasonable when compared to damages
sought in other copyright infringement cases.  <u>Cf.</u>
<u>Starbucks Corp. v. Glass</u>, No. 2:16-CV-03937-ODW(PJW),
2016 WL 6126255, at *6 (C.D. Cal. Oct. 20,
2016)($300,000 request for statutory damages was
appropriate because $150,000 maximum applied to each
copyright infringed, and defendant infringed two);
<u>China Cent. Television v. Create New Tech. (HK)</u>
<u>Limited</u>, No. CV 15-01869 MMM (AJWx), 2015 WL 12732432,
at *14 (C.D. Cal. Dec. 7, 2015)(damages totaling
$55,460,691 was proportionate to the harm defendants'
conduct caused).  Considering that Plaintiff only seeks
discretionary awards for its attorneys' fees and costs
under 17 U.S.C. § 505 and reduced statutory damages,
entering default judgment is appropriate as to this
factor.  <u>See</u> <u>Elektra</u>, 226 F.R.D. 388 at 393.

        d.  *The Possibility of a Dispute Concerning*
           *the Material Facts*

    The fifth <u>Eitel</u> factor examines the likelihood of a
dispute between the parties regarding the material

facts in the case. A defendant is "deemed to have admitted all well-pleaded factual allegations" in the Complaint upon entry of default. <u>DirecTV, Inc. v. Hoa Huynh</u>, 503 F.3d 847, 851 (9th Cir. 2007).

This factor weighs in favor of granting this Motion for Default Judgment. Plaintiff filed a well-pleaded FAC alleging the facts necessary to establish its willful copyright infringement claim. After the Court struck Defendant's Answer for its failure to timely obtain counsel, the Clerk entered default against Defendant, Defendant has failed to appear in its own defense, and the Court thus accepts the material facts in the FAC as true. <u>See</u> <u>Live Face on Web, LLC v. AZ Metroway, Inc.</u>, No. 5:15-cv-01701-CAS(KKx), 2016 WL 4402796, at *4 (C.D. Cal. Aug. 15, 2016)(no excusable neglect where defendant failed to set aside its default or defend the lawsuit after the court struck the answer for failure to attend court-ordered hearings). Even turning to the substantive facts, a dispute over the copyright infringement claim is unlikely, considering the substantial similarities between the JP5498B Design and the AdiktD design and the widespread dissemination of Plaintiff's JP5498B Design. <u>See</u> <u>supra</u> Part II.B.3.b.

        e. *The Possibility of Excusable Neglect*

Excusable neglect takes into account factors like "prejudice . . . , the length of the delay and its potential impact on judicial proceedings, the reason

for the delay, including whether it was within the
reasonable control of the movant, and whether the
movant acted in good faith." <u>J.L. v. Moreno Valley
Unified Sch. Dist.</u>, No. CV 09-1978 ODW (PJWx), 2010 WL
1708839, at *1 (C.D. Cal. Apr. 20, 2010)(internal
quotation marks and citations omitted).

The possibility of excusable neglect is remote
here, as Defendant was properly served with the
summons, FAC, and instant Motion, indicating that it
had proper notice of the action.  Salzmann Decl. ¶ 3,
Ex. B; <u>see Shanghai Auto. Instrument Co. v. Kuei</u>, 194
F. Supp. 2d 995, 1005 (N.D. Cal. 2001)(finding no
excusable neglect because defendants were properly
served with the FAC, notice of entry of default, and
papers in support of motion for default judgment).
Moreover, Defendant has made no attempt to appear or
otherwise defend itself in this action, let alone
advance a reason for its failure to respond to the
Court's orders and to various motions since its prior
counsel was relieved in December 2016.  This factor
weighs in favor of granting default judgment.

> f. *Policy Favoring a Decision on the Merits*

The Ninth Circuit has stated that "[c]ases should
be decided upon their merits whenever reasonably
possible." <u>Eitel</u>, 782 F.2d at 1472.  However, "this
preference, standing alone, is not dispositive."
<u>PepsiCo</u>, 238 F. Supp. 2d at 1177.  In deciding to grant
default judgment, the court in <u>PepsiCo</u> noted:

"Defendant's failure to answer the Complaint makes a decision on the merits impractical, if not impossible." Id. Here, the substantive copyright infringement claim cannot be adjudicated, as the Court struck Defendant's Answer and Defendant failed to respond. Thus, the seventh factor does not preclude entry of default judgment. Accordingly, because all Eitel factors weigh in favor of entering default judgment, the Court **GRANTS** Plaintiff's Motion as to the sole claim for copyright infringement.

   4.  <u>Character and Amount of Plaintiff's Recovery</u>

   Plaintiff requests statutory damages under 17 U.S.C. § 502 totaling $75,000, a permanent injunction to stop Defendant from infringing its JP5498B Design, costs and attorneys' fees totaling $5,115, and prejudgment interest pursuant to 28 U.S.C. § 1961(a). Mot. 3:4-10. The Court takes up the validity of each request in turn.

    a.  *Injunctive Relief*

   Plaintiff seeks a permanent injunction enjoining Defendant from continued infringement of its JP5498B Design. Mot. 3:6-7. Pursuant to section 502 of the Copyright Act, courts may grant permanent injunctive relief, where reasonably appropriate, to prevent copyright infringement. 17 U.S.C. § 502(a). To receive a permanent injunction, Plaintiff must show "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary

damages, are inadequate to compensate for that injury;
(3) that, considering the balance of hardships between
the plaintiff and defendant, a remedy in equity is
warranted; and (4) that the public interest would not
be disserved by a permanent injunction." Ebay Inc. v.
MercExchange, L.L.C., 547 U.S. 388, 391 (2006).

The balance of factors favors granting Plaintiff's
request for a permanent injunction. First, Plaintiff
has suffered an irreparable injury in the form of lost
profits and reputation because Defendant has positioned
itself as a direct competitor in the jeanswear market.
See FAC ¶¶ 17, 24. Second, Defendant's failure to
appear in and defend this lawsuit and its repeated
disobedience of the Court's orders suggest Defendant is
likely to repeat its infringement; thus, injunctive
relief is preferable to compensatory damages in
deterring Defendant's behavior. Courts have determined
that permanent injunctions, as opposed to monetary
damages, best remedy a defendant's repeated future
copyright infringement activity. See Mai Sys. Corp. v.
Peak Comp., Inc., 991 F.2d 511, 520 (9th Cir. 1993);
see also Jackson v. Sturkie, 255 F. Supp. 2d 1096, 1103
(N.D. Cal. 2003)(finding injunctive relief was
appropriate because of "defendant's past behavior and
on-going ability to infringe plaintiff's copyright . .
. .").  Third, the balance of hardships tips in favor
of Plaintiff.  Were the Court to grant the injunction,
Plaintiff would be protected from Defendant's continued

infringement of its JP5498B Design, and harm to
Defendant would be minimal, as Defendant would be
"prevented only from unlawfully reproducing and
distributing works protected by [Plaintiff's]
copyright." Star Fabrics, Inc. v. Zappos Retail, Inc.,
NO. CV 13-00229 MMM (MRWx), 2013 WL 12123687, at *9
(C.D. Cal. Sept. 10, 2013). Fourth, injunctive relief
would serve the public interest, as it would shield
Plaintiff's JP5498B Design from repeated copyright
infringement. Warner Bros. Entm't Inc. v. WTV Sys.,
Inc., 824 F. Supp. 2d 1003, 1015 (C.D. Cal. 2011)("it
is virtually axiomatic that the public interest can
only be served by upholding copyright protections . . .
.")(citation omitted).

     b.  *Statutory Damages*

Plaintiff also seeks $75,000 in statutory damages
for Defendant's willful infringement. Mot. 3:4-5.
Upon entry of default judgment under Federal Rule of
Civil Procedure 55, granting damages is within the
"wide latitude" of the district court's discretion.
James v. Frame (In re Frame), 6 F.3d 307, 310 (9th Cir.
1993). 17 U.S.C. § 504 provides, in relevant part: "an
infringer of copyright is liable for either - (1) the
copyright owner's actual damages and any additional
profits of the infringer . . . or (2) statutory
damages." 17 U.S.C. § 504(a). "In a case where the
copyright owner sustains the burden of proving, and the
court finds, that infringement was committed willfully,

the court in its discretion may increase the award of
statutory damages to a sum of not more than $150,000."
17 U.S.C. § 504(c)(2). In exercising its discretion,
"the court can consider such factors as the expenses
saved and profits reaped by the infringer, the
deterrent effect of the award on defendant and on third
parties, and the infringer's state of mind in
committing the infringement." Sanrio, Inc. v. Torres,
No. CV 14-03736 MMM (JCx), 2015 WL 12661916, at *8
(C.D. Cal. Jan. 5, 2015).

Plaintiff seeks $75,000, half the maximum amount
permitted under 17 U.S.C. § 504(c). Plaintiff makes no
allegations in its FAC regarding the expenses Defendant
saved or the profits Defendant earned using Plaintiff's
JP5498B Design. But Defendant's failure to participate
in this action "mak[es] it impossible for Plaintiff to
ascertain an exact accounting on profits made or
revenues lost." BWP Media USA, Inc. v. P3R, LLC, No.
2:13-CV-05315 SVW, 2014 WL 3191160, at *4 (C.D. Cal.
July 3, 2014). Nevertheless, Plaintiff has
demonstrated that the requested $75,000 is appropriate.
Upon default, the factual allegations of the complaint,
except those relating to the amount of damages, will be
taken as true. See TeleVideo Systems, 826 F.2d 915,
917 (9th Cir. 1987). Accordingly, on a motion for
default judgment, courts have presumed that allegations
of willfulness are true, and have awarded statutory
damages based on willful copyright infringement. Aries

_Music Entm't, Inc. v. Angelica's Record Distrib., Inc._,
506 F. App'x 550, 552 (9th Cir. 2013).  In the FAC,
Plaintiff alleged that Defendant willfully infringed
and continued to willfully infringe Plaintiff's
copyright in the JP5498B Design.  FAC ¶ 21.  Moreover,
by defaulting in this action, Defendant has further
emphasized its willful behavior.  Thus, the Court
awards the requested $75,000 in statutory damages.

    c. _Attorneys' Fees & Litigation Costs_

  Plaintiff seeks $5,115 in combined attorneys' fees
and costs.  Mot. 3:8-9.  The Court, in its discretion,
may award costs and reasonable attorneys' fees to the
prevailing party, pursuant to section 505 of the
Copyright Act.  17 U.S.C. § 505.  Central District
Local Rule 55-3 provides a schedule of attorneys' fees
applicable to a default judgment in the event that an
applicable statute provides for the recovery of
attorneys' fees; as previously mentioned, 17 U.S.C. §
505 of the Copyright Act allows for attorneys' fees.
For a judgment between $50,000.01 and
$100,000.00—applicable here, as Plaintiff seeks $75,000
in statutory damages—attorneys' fees are $3,600 plus 4%
of any amount over $50,000.  Plaintiff appropriately
seeks $4,600, which results from adding four percent of
$25,000, the judgment over $50,000, to $3,600.  See
L.R. 55-3.

  Plaintiff also seeks $515 in litigation costs.
These costs were incurred in bringing this action, and

include the $400 Complaint filing fee pursuant to the
Central District Schedule of Fees, and $115 in expenses
for serving Defendant with the FAC.  Salzmann Decl. ¶
7.  These costs are appropriate.

        d. *Prejudgment Interest*

     Plaintiff lastly seeks prejudgment interest on the
entire judgment under 28 U.S.C. § 1961(a), which allows
for postjudgment interest.[3]  The Court has discretion in
awarding prejudgment interest pursuant to the Copyright
Act.  <u>Polar Bear Prods., Inc. v. Timex Corp.</u>, 384 F.3d
700, 716 & n.2.  Prejudgment interest compensates a
copyright owner for its misappropriated property and to
deter unjust enrichment.  <u>Id.</u> at 718.  The Ninth
Circuit has indicated that section 1961(a) provides the
applicable rate of prejudgment interest in a copyright
infringement action.  <u>See</u> <u>Frank Music Corp. v. Metro-
Goldwyn-Mayer Inc.</u>, 886 F.2d 1545, 1552 (9th Cir.
2004).  Under section 1961(a), the interest rate is
calculated "at a rate equal to the weekly average
1-year constant maturity Treasury yield, as published
by the Board of Governors of the Federal Reserve
System, for the calendar week preceding."  The Court
thus permits prejudgment interest at the statutory rate

---

     [3] In the requested relief in the FAC, Plaintiff sought
prejudgment and postjudgment interest on any monetary award
against Defendant.  FAC ¶ 6.  Federal Rule of Civil Procedure
54(c) provides: "[a] default judgment must not differ in kind
from, or exceed in amount, what is demanded in the pleadings."
The Court confines itself to whether Plaintiff should receive
prejudgment interest, the requested relief in the pleadings.

specified by 28 U.S.C. § 1961(a) on the judgment amount of $80,115.

### III. CONCLUSION

Based on the foregoing, the Court **GRANTS** Plaintiff's Motion for Default Judgment [75] against Defendant Kenco for the sole claim of copyright infringement under 17 U.S.C. § 501. The Court awards $80,115 in damages: $75,000 in statutory damages under 17 U.S.C. § 504(c) and $5,115 in attorneys' fees and costs pursuant to 17 U.S.C. § 505 and Local Rule 55-3. The Court also awards prejudgment interest on the total $80,115 award at the applicable rate from 28 U.S.C. § 1961(a). Lastly, the Court enjoins Defendant from further infringement of Plaintiff's JP5498B Design. **IT IS SO ORDERED.**

DATED: June 6, 2017          s/ RONALD S.W. LEW

**HONORABLE RONALD S.W. LEW**
Senior U.S. District Judge